IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| COLONIAL COUNTY MUTUAL INSURANCE COMPANY, § § § § *Plaintiff*, § § v. § UNITED STATES, § § *Defendant*. § § § | Civil Action No.  SA-15-CV-917-XR |

# ORDER

On this day, the Court considered the Defendant's Motion to Dismiss (docket no. 3). After careful consideration, the Court will GRANT the motion.

# BACKGROUND

This case arises out of an automobile accident.  Docket no. 1 at 8.  Plaintiff Colonial County Mutual Insurance Company ("Colonial") alleges that an employee for former Defendant United States Postal Service, while driving a United States Postal Service ("USPS") truck and acting in the course and scope of her employment, failed to stop at a stop sign and collided with the vehicle of Colonial's insured, Gladys Smith ("Smith").  *Id.*  This accident allegedly injured Smith.  *Id.*  Smith's medical expenses were paid by Colonial pursuant to an insurance agreement, and Colonial now sues as subrogee for those expenses.  Docket no. 2 at 1.

Colonial filed its original petition in the 285th Judicial District Court in Bexar County, Texas, on October 2, 2015.  Docket no. 1 at 5.  The petition lists negligence as its sole cause of action.  *Id.* at 8.  On October 22, 2015, USPS filed its Notice of Removal, pursuant to the Federal

1

Tort Claims Act (FTCA) and 28 U.S.C. § 1442.  *Id.* at 1.  That same day, the United States of America filed its Motion to Substitute the United States as Defendant and to Amend the Case Caption.  Docket no. 2.  The Court granted the motion.  Docket no. 6.

The United States filed a Motion to Dismiss for Lack of Jurisdiction on October 22, 2015.  Docket no. 3.  Colonial filed its response on November 6, 2015.  Docket no. 4.  On November 10, 2015, the United States filed a reply.  Docket no. 5.  For the following reasons, the Court will grant the motion.

## ANALYSIS

The United States argues that the state court had no jurisdiction to consider this action, and therefore under the derivative jurisdiction doctrine, this Court does not have subject matter jurisdiction over this action either.  Docket no. 3 at 3–5.  The Court agrees.

To begin, the United States cannot be sued without its consent.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  Only the sovereign can waive sovereign immunity.  *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979).  The FTCA—28 U.S.C. §§ 1346(b) and 2671–2689—is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies, and employees acting within their official capacity.  *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006).  The FTCA provides a vehicle for claimants to sue the United States government for money damages for injury or loss of property caused by the negligence of a federal employee acting within the course and scope of his or her employment.  *See* 28 U.S.C. § 1346(b) (2012).  Federal district courts have exclusive jurisdiction over such cases:

> [T]he district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, ***shall have exclusive jurisdiction*** of civil actions on

>claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States . . .

*Id.* (emphasis added).

Additionally, under the derivative jurisdiction doctrine, when a case is removed from state court to federal court, "the jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014). If the state court did not have jurisdiction to hear the case, the federal court does not acquire jurisdiction—even if the federal court would have had jurisdiction if the suit were originally brought in federal court. *State of Minnesota v. United States*, 305 U.S. 382, 389 (1939); *Lopez*, 749 F.3d at 350. While Congress has abolished the doctrine of derivative jurisdiction for cases removed under 28 U.S.C. § 1441(e), the Fifth Circuit has held that this abrogation does not extend to removals under 28 U.S.C. § 1442. *Lopez*, 749 F.3d at 351 ("The doctrine therefore continues to apply to cases removed pursuant to other statutes such as 28 U.S.C. § 1442, as in the instant case.") (internal citation omitted).

Because Colonial alleges that their insured was injured by a federal government employee acting within the scope of her employment on behalf of USPS, Colonial must proceed with this action under the FTCA. *In re Supreme Beef Processors, Inc.*, 468 F.3d at 252. Since only federal courts have subject matter jurisdiction in an FTCA case, when Colonial filed the suit in the 285th Judicial District Court in Bexar County, Texas, that court did not have subject matter jurisdiction over the case. *See Lopez*, 749 F.3d at 350. When the United States removed the case to federal court, it did so under 28 U.S.C. § 1442. Docket no. 1 at 2 ("This Notice of

Removal is made pursuant to the applicable provisions of 28 U.S.C. § 1442. . .").  As a result, the doctrine of derivative jurisdiction applies.  Since the state court did not have subject matter jurisdiction, this Court does not have subject matter jurisdiction either—even though it would if Colonial had originally filed its lawsuit in this Court.  As a result, the Court has no choice but to dismiss the case.

Colonial argues that because it had "consent to file suit against Defendant" and that the state filing was an "error," the Court should deny the motion.  Docket no. 4 at 2.  Specifically, Colonial points to a letter sent by USPS on July 22, 2015, that instructs Colonial that it has six months to file suit.  *Id.* at 3.  Additionally, Colonial maintains that the suit *could* have been removed under 28 U.S.C. § 1441(c)(1)(a), and thus, derivative jurisdiction should not be applied in this case.  *Id.* at 4.   The Court disagrees.

First, the July 22, 2015, letter sent to Colonial clearly instructs the reader that the law requires a claimant to file suit in federal court.  Docket no. 4 at 33 ("In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a ***United States District Court*** no later than six months after the date of the mailing of this letter. . .") (emphasis added).  Thus, even if the letter is consent to suit, it could not be construed as consent to suit in state court.  Second, while Colonial argues the suit could have been removed under § 1441(c)(1)(a), that is not the case—§ 1441(c)(1)(a) allows for removal of a case that contains both a claim that warrants federal question jurisdiction and a state law claim.  28 U.S.C. § 1441(c)(1)(a) (2012).  This case has no such state claim. Additionally, even if the suit could have been removed under that subsection or a different subsection of § 1441, it was not.  It was removed under § 1442.  Docket no. 1 at 2.

The Fifth Circuit has made clear that when a FTCA case is removed under § 1442, derivative jurisdiction applies and the court must dismiss the case. *Lopez*, 749 F.3d at 351.

Finally, the United States urges this Court to dismiss the case with prejudice. However, dismissals for lack of jurisdiction are not on the merits, and are thus without prejudice. *See, e.g., Warnock v. Pecos County,* 88 F.3d 341, 343 (5th Cir. 1996); *see also Verret v. Elliot Equip. Corp.,* 734 F.2d 235, 238 (5th Cir. 1984).

## CONCLUSION

Defendant's Motion to Dismiss for Lack of Jurisdiction (docket no. 3) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The Court ORDERS the Clerk's Office to enter judgment accordingly and to close this case.

It is so ORDERED.

SIGNED this 23rd day of November, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE